IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. JKB-14-0354 |
| v. | : |
| | : (Falsification of Document |
| | : Required to be Kept by |
| | : ERISA; 18 U.S.C. § 1027) |
| MICHAEL E. SEWELL, | : |
| Defendant. | : |

...oOo...

## INFORMATION

The United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information,

1. Local 24 of the International Brotherhood of Electrical Workers ("Local 24") was a labor organization headquartered in Baltimore, Maryland. Local 24 represented electricians at commercial worksites in Maryland that were covered by Local 24's master collective bargaining agreement (the "Master Agreement"), which Local 24 negotiated and executed with various electrical contractors doing business in Maryland.

2. Defendant **MICHAEL E. SEWELL** ("SEWELL") owned and operated MESCO, an electrical contractor incorporated in Maryland and located in Joppa, Maryland. In January 1999, **SEWELL** signed a letter of assent on behalf of MESCO agreeing to bind MESCO to the terms of the Master Agreement.

3. For the benefit of employees represented by Local 24, the Master Agreement required electrical contractors who had assented to its terms to contribute to the Maryland Electrical

Industry Health Fund; Maryland Joint Apprenticeship and Training Committee; National Electrical Benefit Fund; Maryland Electrical Pension Fund; and Maryland Electrical Industry Severance and Annuity Fund (collectively the "MEI Benefit Plans").

4. Pursuant to the Master Agreement, covered employers, including MESCO, paid contributions to the MEI Benefit Plans each month based upon either the total hours worked by its employees covered by the Master Agreement or its gross monthly labor payroll. The Master Agreement also required covered employers, including MESCO, to file monthly a remittance report with the MEI Benefit Plans stating the number of hours that covered employees worked and the amount of the benefit contributions made on their behalf.

5. The MEI Benefit Plans were subject to the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"). Pursuant to ERISA, the MEI Benefit Plans, other than the Maryland Joint Apprenticeship and Training Committee, were required to file annual reports with the Secretary of Labor using Department of Labor Forms 5500 and to publish copies to plan participants. Certain information contained in the remittance reports filed by MESCO was required to be disclosed by the MEI Benefit Plans in the Department of Labor Forms 5500 and served to verify, explain, clarify, and check such reports for accuracy and completeness.

6. The information contained in the remittance reports that MESCO submitted to the MEI Benefit Plans was used to report the number of plan participants and the value of employer contributions received or receivable by the MEI Benefit Plans.

## COUNT ONE

(Falsification of a Document Required to be Kept by ERISA)

1. The allegations contained in paragraphs 1 through 6 of this Information are realleged and are incorporated by reference as if fully set forth herein.

2. On or about January 5, 2011, within the District of Maryland and elsewhere, the defendant,

### MICHAEL E. SEWELL,

in a document required by Title I of ERISA to be kept as part of the records of employee welfare benefit plans and employee pension benefit plans, to wit: the monthly remittance report for MESCO for December 2010, made and caused to be made false statements and representations of fact, knowing them to be false, and knowingly concealed, covered up, failed to disclose, and caused to be concealed, covered up and not disclosed facts the disclosure of which was required by title I of ERISA and was necessary to verify, explain, clarify and check for accuracy and completeness in the annual financial reports (Internal Revenue Form 5500 series) of the MEI Benefit Plans required by Title I of ERISA to be filed with the Department of Labor and to be published to plan participants for the period of October 1, 2010 to September 30, 2011, to wit: underreporting of hours worked by MESCO employees covered by the Master Agreement, knowing such reported hours of work to be false, and knowingly omitting to disclose the true hours of work.

18 U.S.C. § 1027

Date: 7/23/14

Rod J. Rosenstein
United States Attorney
District of Maryland